IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY L. ANDERSON,<br><br>              Plaintiff,<br><br>     v.<br><br>CENTRAARCHY RESTAURANT MANAGEMENT COMPANY, GREG GRANT, and EDWARD FREDRICKSON,<br><br>              Defendants. | CIVIL ACTION FILE NO.<br><br>1:14-CV-00539-WSD-CMS |

### NON-FINAL REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint with prejudice filed by Defendant CentraArchy Restaurant Management Company ("Defendant CA") [Doc. 122], Defendant CA's Motion for Oral Argument [Doc. 123], and Plaintiff's Motion for Leave to File a Corrected Response Brief in Opposition to Defendant's Motion to Dismiss [Doc. 137]. For the reasons discussed below, I recommend that Defendant CA's motion to dismiss be denied in part and deferred in part. Defendant CA's motion for oral argument is denied. Plaintiff's motion for leave to file a corrected response brief is granted as unopposed.

### I.     Defendant CA's Request for Oral Argument

With regard to Defendant CA's request for oral argument [Doc. 123], the Court finds that it will not be aided by oral argument on Defendant CA's motion to dismiss. Accordingly, Defendant CA's request for oral argument [Doc. 123] is **DENIED**.

### II.    Plaintiff's Motion for Leave to File a Corrected Response Brief

On July 27, 2015, Defendant CA filed a motion to dismiss Plaintiff's complaint with prejudice for failure to comply with two court orders [Doc. 122]. After receiving an extension of time, Plaintiff filed her response in opposition to the motion to dismiss on August 24, 2015 [Doc. 136]. On August 31, 2015, Plaintiff filed the instant motion for leave to file the attached corrected response brief to correct four minor errors in her previous response brief [Doc. 137]. Defendants have not filed any brief in response, indicating no opposition. LR 7.1(B), NDGa.

Plaintiff's request appearing reasonable, the Court **GRANTS as unopposed** Plaintiff's motion for leave to file her corrected response brief [Doc. 137] and accepts the brief for filing. The Court **DIRECTS** the Clerk to docket the corrected response brief [Doc. 137-1] as "Plaintiff's Corrected Response Brief in Opposition to Defendant CentraArchy's Motion to Dismiss."

AO 72A
(Rev.8/82)

**III.   Defendant CA's Motion to Dismiss**

  **A.   Background**

Also pending before this Court is Defendant CA's motion to dismiss Plaintiff's complaint with prejudice [Doc. 122] for failure to comply with two court orders. Defendant CA's motion describes in great detail the objectionable and contemptuous conduct that Defendant CA contends merits dismissal of Plaintiff's complaint. The undersigned has considered all of the facts presented, and does not find it necessary to repeat the background facts in the same level of detail. The main points are summarized below.

Plaintiff filed her original employment discrimination complaint in this court on February 24, 2014, alleging various claims under Title VII (including gender discrimination, quid pro quo sexual harassment, hostile work environment, and retaliation), and Georgia state law claims for negligent retention and supervision, assault and battery, invasion of privacy, false imprisonment, retaliation, punitive damages, and attorney's fees. [Doc. 1, Compl.]. Plaintiff's complaint seeks injunctive relief and damages, including damages for medical bills and for emotional pain and suffering. [Compl. at 12]. Plaintiff's complaint generally alleges that Greg Grant (CentraArchy's operating partner) made numerous unwelcome sexual advances towards Plaintiff, which

3

she declined, objected to, and reported to management. Plaintiff alleges that after she resisted Grant's advances, Grant retaliated by denying Plaintiff work shifts and then terminating Plaintiff from her job as a server at Lenox Square Grill, a CentraArchy restaurant. [Compl. ¶¶ 6-8]. On August 14, 2014, Plaintiff filed an amended complaint adding as a defendant Drew Frederickson, a former manager of the restaurant where Plaintiff worked, and claims for defamation-slander and slander per se against Defendant CA and Defendant Frederickson. [Doc. 43, Am. Compl.].

On April 29, 2014, Defendant CA served Plaintiff with interrogatories and requests for production of documents ("RPDs") seeking, among other information and documents, information related to Plaintiff's social media activity. [Doc. 13]. Following Plaintiff's refusal to provide responsive documents from her social media accounts, Defendant CA filed a motion to compel on July 28, 2014. [Doc. 33]. Defendant CA argued that such information was relevant because Plaintiff had placed her emotional state at issue by alleging that the defendants' actions caused her emotional pain and suffering, and Plaintiff's online activity may reflect her emotional state. [Id.; Doc. 64 at 10]. The previous U.S. magistrate judge assigned to this matter, Magistrate Judge E. Clayton Scofield, granted CA's motion to compel on December 2, 2014 and ordered Plaintiff to provide all user names and email addresses for any social media accounts that

Plaintiff had, as well as all responsive information and/or documents contained within her social media accounts, including any and all Twitter, Instagram, and Facebook accounts. [Doc. 64 ("December 2, 2014 Order")].

As Defendant CA points out in its motion to dismiss, Plaintiff and her counsel at that time, Attorney Jack Rosenberg, then largely ignored Magistrate Judge Scofield's December 2, 2014 Order granting Defendant CA's motion to compel, and produced only one message thread from Plaintiff's Facebook account (consisting of two pages), nothing from her Instagram account, and continued to represent (falsely) to the Court that Plaintiff did not have a Twitter account. [Doc. 33-5 at 7-8, 11]. Plaintiff admitted during her deposition that she did nothing to search for potentially responsive information from her social media accounts other than to retrieve the one message thread she produced from her Facebook account. [See Deposition of Amy Anderson, Doc. 88-3 at 77-79].

Following Plaintiff's deposition and admission that she did not search for all responsive information in her social media accounts, Plaintiff still did not produce any responsive documents from her social media accounts. Despite Plaintiff's insistence that she did not use Twitter, Defendants were able to view a portion of Plaintiff's public Twitter feed, but Defendants could not access all of Plaintiff's feed or her private messages. According to Defendants, the information accessible to Defendant CA

contained information relevant and responsive to its discovery requests, including documents discussing Plaintiff's work at Lenox Square Grill, the reason for her reduction in shifts, and documents related to Defendant CA's defenses to Plaintiff's defamation claim. [Doc. 122 at 6]. Defendant CA then moved to hold Plaintiff and her counsel in contempt for willful violation of the December 2, 2014 Order. [Doc. 88, Defendant CA's "Motion for Contempt and Sanctions"].

In Plaintiff's response brief and at the in-court hearing held on Defendant CA's Motion for Contempt and Sanctions, Plaintiff's counsel, Attorney Rosenberg, failed to offer any explanation, justification, or legal argument justifying Plaintiff's contemptuous conduct. [Docs. 98, 105]. During oral argument, Plaintiff's counsel incorrectly told the Court that Plaintiff had already provided Plaintiff's social media passwords to Defendant CA, and again asserted that there was no additional information or responsive documents to provide. After confirming Plaintiff's actual failure to provide passwords to Plaintiff's social media accounts and securing Plaintiff's counsel's agreement to produce the passwords to all of Plaintiff's social media accounts, Magistrate Judge Scofield granted CA's motion for contempt, ordered Plaintiff to provide Defendant CA's counsel with full access to her social media accounts, including her passwords, and awarded Defendant CA its attorneys' fees and expenses. [Doc. 105, "Contempt Order" dated June 26, 2015].

The Contempt Order required Plaintiff to produce the passwords to her social media accounts to CA's counsel by Friday, July 10, 2015.  In addition, the Contempt Order made a finding of civil contempt, directed Defendant CA to prepare and submit a protective order limiting the use of Plaintiff's social media information to the purposes of this lawsuit only, and awarded Defendant CA the attorney's fees and expenses it had incurred in filing and prosecuting its Motion for Contempt and Sanctions (under Rule 37(b)(2)(C)), and attorney's fees and expenses to be incurred in taking any follow-up deposition of Plaintiff after the information sought was produced from Plaintiff's Facebook, Twitter, and Instagram accounts. [Doc. 105 at 4-5].  The award of attorney's fees and expenses was expressly made jointly against both Plaintiff and her attorney. [Doc. 105 at 5].

With regard to the award of attorney's fees and expenses, the Contempt Order directed that "Defendant may submit within **fourteen (14) days** of this order any materials in support of the award of such fees and expenses. Plaintiff shall have **fourteen (14) days** in which to respond as to the reasonableness and amount of any such award, bearing in mind that the Court has already determined that fees and expenses should be

awarded."[1]  [Id. at 5-6].  The Contempt Order also re-opened the discovery period for thirty-five (35) days from June 26, 2015.

On June 30, 2015, Magistrate Judge Scofield retired, and this case was reassigned to Magistrate Judge Catherine M. Salinas on July 1, 2015.

On July 10, 2015, in lieu of complying with Magistrate Judge Scofield's June 26th Contempt Order and instructions, Plaintiff filed multiple motions for reconsideration [Docs. 109, 110, 111, 112, 114, 115, 116] of Magistrate Judge Scofield's June 26th Contempt Order [Doc. 105] granting Defendant CA's Motion for Contempt and Sanctions [Doc. 88].  As attachments to the motions for reconsideration -- but without any explanation whatsoever for why the documents were being filed with the Court -- Plaintiff produced almost 1,000 pages from her social media accounts -- some of the very documents that Defendant CA had requested in April 2014 and the Court ordered produced in December 2014, but which Plaintiff and her attorney had been insisting all along did not exist.  Many, if not all, of the documents produced were so heavily

---

[1] Defense counsel apparently misunderstood or misconstrued Magistrate Judge Scofield's order regarding the submission of affidavits and/or materials in support of the Court's award of attorney's fees and expenses.  Instead of filing the supporting information with the Court, defense counsel apparently emailed the information to opposing counsel for his review and response.  [Doc. 140-1 at 6].  No supporting documentation was ever filed with the Court.  Accordingly, the Court has not yet ruled on the appropriate amount of attorney's fees and expenses to be awarded in accordance with this Court's Contempt Order and award [Doc. 105].

8

redacted, it was impossible to determine whether Plaintiff had produced all responsive information.

On July 22, 2015, after due consideration, the undersigned magistrate judge, Catherine M. Salinas, issued an order denying Plaintiff's motions for reconsideration. [Doc. 121, "July 22nd Order"].

On July 27, 2015, Defendant CA filed the instant motion to dismiss Plaintiff's complaint with prejudice. [Doc. 122]. In its motion to dismiss, Defendant CA argues that Plaintiff's and her counsel's willful, repeated, and flagrant disregard for this Court's orders and their duties under the Federal Rules warrant the dismissal with prejudice of Plaintiff's complaint as a sanction for their repeated failure to cooperate with their discovery obligations and with this Court's orders compelling discovery. Defendant CA also seeks an award of fees from Plaintiff and Attorney Rosenberg, jointly and severally, to pay the attorney's fees and expenses that Defendant CA has incurred as a result of Plaintiff's failure to timely comply with this Court's Contempt Order, and unreasonable and vexatious conduct that has multiplied these proceedings (including having to prepare a response to Plaintiff's meritless motion(s) for reconsideration, and filing the instant motion to dismiss). [Doc. 122 at 20-26].

After the motion to dismiss was filed, Plaintiff apparently hired new attorneys, Marc and Alan Garber, to assist with her response to Defendant CA's motion to dismiss.[2] They entered notices of appearance on August 10, 2015, and sought and were granted an extension of time to file Plaintiff's response to the motion to dismiss. [Docs. 126-29].

Plaintiff filed her response in opposition to Defendant CA's motion to dismiss [Doc. 136] on August 24, 2015, with attached exhibits, and a corrected brief [Doc. 137-1] on August 31st.

In Plaintiff's response, Plaintiff asserts that on August 10, 2015, Plaintiff's new counsel emailed Defendant CA all of Plaintiff's social media account user names and passwords, along with an offer to pay Defendant CA's reasonable attorney's fees incurred in drafting its motion to dismiss in exchange for withdrawing its motion to dismiss, which offer was rejected. [Doc. 137-1 at 1]. On August 16, 2015, Plaintiff's new counsel also emailed Defendant CA a Dropbox link to more than 3,000 pages of fully un-redacted materials from Plaintiff's social media accounts. Plaintiff contends she is now in full compliance with Magistrate Judge Scofield's June 26th Contempt Order.

Plaintiff argues that despite Defendant CA's insistence that Plaintiff's case should be subject to the severest possible sanction -- dismissal -- for repeated refusal to fully

---

[2] Plaintiff's original counsel, Jack Rosenberg, however, remains listed on the docket as lead attorney in this case.

comply with her discovery obligations and this Court's orders, she in fact timely satisfied in full all but two of Defendant CA's 42 discovery requests, and the severest sanction of dismissal for across-the-board non-compliance is therefore not warranted.  In addition, Plaintiff argues that she was never expressly warned by Magistrate Judge Scofield that non-compliance with his orders could result in dismissal.  Plaintiff further argues that she never personally acted in bad faith or in willful disobedience, but rather was merely following her original attorney's instructions.  Plaintiff asserts that Mr. Rosenberg never sent her a copy of Magistrate Judge Scofield's December 2, 2014 Order, nor did he discuss it with her.  Plaintiff argues that Attorney Rosenberg then (wrongly and without legal basis) concluded that both a motion to reconsider and an appeal would stay Magistrate Judge Scofield's June 26th Contempt Order requiring the production of Plaintiff's social media passwords, despite Rosenberg's agreeing at the hearing to produce them.  Rosenberg then belatedly, in an attempted show of good faith, personally reviewed Plaintiff's social media accounts -- which Plaintiff concedes he should have done prior to December 2014 -- and produced copies of the social media data from Plaintiff's accounts that Rosenberg believed might arguably be called responsive.

  Plaintiff argues that the sanction of dismissal is a sanction of last resort that should be invoked only after finding that the plaintiff has willfully and in bad faith refused to

11

engage in discovery, has committed widespread violations of discovery rules and court orders, been warned of the possibility of dismissal for noncompliance -- and the court has determined that no lesser sanction will ensure compliance.  Plaintiff argues that the circumstances of this case do not warrant such a severe sanction and asks the Court to deny Defendant CA's motion to dismiss.

In its reply brief, Defendant CA disputes all of Plaintiff's arguments and continues to seek dismissal for Plaintiff's "extensive pattern of contempt."  [Doc. 140 at 2]. Nevertheless, in the event the Court declines to dismiss Plaintiff's complaint, Defendant CA asks, as alternative sanctions, that the Court (1) award Defendant CA all attorneys' fees and expenses associated with its motion to dismiss; (2) allow CA to re-open discovery generally; (3) allow CA to take another full deposition of Plaintiff; (4) allow CA to take another full deposition of any witness previously deposed in the case; (5) allow CA to depose any other witness identified through Plaintiff's social media production; and (6) compel Plaintiff to pay CA's attorneys' fees and expenses for the discovery activities described in items (2) through (5).  [Doc. 140 at 16].

12

## B. Discussion

Defendant CA seeks dismissal of Plaintiff's complaint under both Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 122 at 13].

Rule 37(b) provides that if a party fails to obey a court order to provide or permit discovery, the court where the action is pending may issue further just orders (and/or sanctions), including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Instead of or in addition to the orders above, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

The Court enjoys "broad discretion to fashion appropriate sanctions for violation of discovery orders." Functional Prods. Trading, S.A. v. JITC, LLC, No. 1:12-cv-00355-WSD, 2013 WL 4482507, at *2 (N.D. Ga. Aug. 20, 2013) (citing Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993)). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." Id. (citations omittted). A sanction that results in a default judgment "requires a willful or bad faith failure to obey a discovery order.... Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." Id. (quoting Malautea, 987 F.2d at 1542).

Defendant CA also seeks dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, "Involuntary Dismissal." Fed. R. Civ. P. 41(b). Rule 41(b) provides that if a plaintiff fails to comply with a court order or the Federal Rules, a defendant may move to dismiss the action or any claim against it. Id. Defendant CA argues that dismissal under Rule 41(b) is appropriate where, like here, there is a clear record of delay or willful

14

AO 72A
(Rev.8/82)

contempt and an implicit or explicit finding that lesser sanctions would not suffice. [Doc. 140 at 10 (citing Gratton v. Great Am. Comm., 178 F.3d 1373, 1374 (11th Cir. 1999); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983))].

In response, Plaintiff argues that the sanction of dismissal is too severe where, like here, Plaintiff substantially complied with all but two of Defendant CA's discovery requests, she complied with some of the Court's requirements in its December 2, 2014 Order, and she has belatedly complied in full with this Court's Contempt Order.

In its reply brief, Defendant CA counters that the Federal Rules do not provide for a "substantial compliance" exception to the imposition of discovery sanctions, and Plaintiff's belated partial compliance does not excuse her or her counsel's discovery abuses. Defendant CA argues that Plaintiff's attempt to shift all blame for her non-compliance to her attorney, Mr. Rosenberg, is not supported by the case law cited by Plaintiff, and she should not be permitted to escape responsibility for the consequences of her and her attorney's actions (or inactions), and continued false and/or misleading statements to the court. [Doc. 140 at 4-5, 15].

After thorough review and consideration of the parties' briefs, citations to authority and arguments contained therein, this Court's previous orders, and the pleadings filed by the parties in this case, the undersigned does not find that the drastic sanction of dismissal

15

is warranted at this time. While Plaintiff and her original counsel have indisputably demonstrated willful and repeated disregard for the Federal Rules of Civil Procedure and the authority of this Court, lesser sanctions than dismissal do appear -- at long last -- to have ensured compliance (albeit belated compliance) with this Court's orders and Plaintiff's discovery obligations under the Federal Rules. Plaintiff has retained new counsel and appears (finally) to have provided the information from her social media accounts that Magistrate Judge Scofield ordered her to provide in his June 26, 2015 Contempt Order.

Plaintiff's resistance to and inexcusable delay in complying with this Court's orders have necessarily caused a significant increase in the time and expense that Defendant CA has had to incur in defense of this case. Nowhere in Plaintiff's briefing papers has she argued that her failure to comply with this Court's orders was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C). Accordingly, I am inclined to recommend granting at least some of the alternative sanctions requested by Defendant CA in Section III of its reply brief [Doc. 140 at 16].[3] However, I have decided to defer consideration of those sanctions -- including

---

[3] Defendant CA also argues that Attorney Jack Rosenberg's conduct has been so egregious that pursuant to 28 U.S.C. § 1927, Rosenberg should be required to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred by Defendant CA as a result of his "unreasonable and vexatious" conduct that "multiplied

16

an award of the fees associated with responding to the motions for reconsideration and preparation of the motion to dismiss and reply brief -- until after the district court reviews this Non-Final Report and Recommendation, and rules on Defendant CA's motion to dismiss.[4]

## IV. Conclusion

For the reasons stated, I **RECOMMEND** that Defendant CA's motion to dismiss Plaintiff's complaint with prejudice [Doc. 122] be **DENIED**. Consideration of Defendant CA's request for alternative sanctions contained in its reply brief is **DEFERRED** until after the district court issues its ruling on Defendant CA's motion to dismiss. Defendant CA's motion for oral argument [Doc. 123] is **DENIED**. Plaintiff's motion for leave to file a corrected response brief [Doc. 137] is **GRANTED as unopposed**. The Court

---

the proceedings." [Doc. 122 at 22]. As attorney's fees and expenses have already been awarded against Plaintiff and her counsel pursuant to this Court's June 2015 Contempt Order, the undersigned declines at this time to award additional sanctions under Section 1927.

[4] As noted earlier, Judge Scofield previously awarded attorney's fees and expenses incurred by Defendant CA in bringing its Motion for Contempt and, moving forward, the costs of re-taking the deposition of Plaintiff (which has not yet taken place). Despite Judge Scofield's instruction that the fee request should be submitted within fourteen days from the date of his order, Defendant CA has not yet submitted to the Court its request for fees and expenses and supporting documentation. Therefore, there is nothing at this juncture for the undersigned to analyze, assess the reasonableness of the fees and expenses requested, and make an award of an appropriate monetary amount.

**DIRECTS** the Clerk to docket the corrected response brief [Doc. 137-1] as "Plaintiff's Corrected Response Brief in Opposition to Defendant CentraArchy's Motion to Dismiss."

**IT IS SO ORDERED AND RECOMMENDED**, this 14th day of October, 2015.

*/s/ Catherine Salinas*

**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**