IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMY L. ANDERSON,

                **Plaintiff,**

    **v.**                                  **1:14-cv-539-WSD**

**CENTRAARCHY RESTAURANT
MANAGEMENT COMPANY,
GREG GRANT, and EDWARD
FREDRICKSON,**

                **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas's

Non-Final Report and Recommendation [141] ("R&R"), recommending that

Defendant CentraArchy Restaurant Management Company's ("Defendant CA")

Motion to Dismiss Plaintiff Amy L. Anderson's Complaint [122] ("Motion to

Dismiss") be denied.

## I.    BACKGROUND[1]

On February 24, 2014, Plaintiff Amy L. Anderson ("Plaintiff") filed her

---

[1]    The facts are taken from the R&R and the record.  The parties have not
objected to any specific facts in the R&R, and the Court finds no plain error in
them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn,
993 F.2d 776, 779 n.9 (11th Cir. 1993).

complaint [1] ("Complaint"), alleging various claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"),[2] and Georgia state law claims for negligent retention and supervision, assault and battery, invasion of privacy, false imprisonment, retaliation, punitive damages, and attorneys' fees. Plaintiff seeks injunctive relief and damages, including damages for medical bills and for emotional pain and suffering. (Compl. at 12). The Complaint generally alleges that Defendant Greg Grant, Defendant CA's operating partner, made numerous unwelcome sexual advances towards Plaintiff, which she declined, objected to, and reported to management. Plaintiff alleges that, after she resisted Grant's advances, Grant retaliated by denying Plaintiff work shifts and then by terminating Plaintiff from her job as a server at Lenox Square Grill, a restaurant operated by Defendant CA. (Compl. ¶¶ 6-8). On August 14, 2014, Plaintiff filed an amended complaint [43] adding Drew Frederickson as a defendant. Frederickson is a former manager of the restaurant. Plaintiff also added claims for defamation-slander and slander per se against Defendant CA and Defendant Frederickson.

On April 29, 2014, Defendant CA served Plaintiff with interrogatories and

---

[2]     Plaintiff's Title VII claims include gender discrimination, quid pro quo sexual harassment, hostile work environment, and retaliation.

requests for production of documents [13] seeking, among other information and documents, information related to Plaintiff's social media activity.  Following Plaintiff's refusal to provide responsive documents from her social media accounts, on July 28, 2014, Defendant CA filed a motion to compel [33].  Defendant CA argued that the requested social media information is relevant because Plaintiff placed her emotional state at issue in this case by alleging that Defendants' actions caused her emotional pain and suffering.  Plaintiff's online activity, Defendant CA argued, may provide insight regarding Plaintiff's emotional state.  ([33], [64] at 10).

On December 2, 2014, the magistrate judge previously assigned to this matter, Magistrate Judge E. Clayton Scofield, granted Defendant CA's motion to compel and ordered Plaintiff to provide all of the user names and email addresses for any social media accounts that Plaintiff had, as well as all responsive information and documents contained in her social media accounts, including any and all Twitter, Instagram, and Facebook accounts.  (December 2, 2014, Order [64]).

Plaintiff and her counsel at that time, Jack Rosenberg, largely ignored Magistrate Judge Scofield's December 2, 2014, Order, and produced only one message thread from Plaintiff's Facebook account (consisting of two pages),

3

nothing from her Instagram account, and continued to falsely represent to the Court that Plaintiff did not have a Twitter account.  ([33.5] at 7-8, 11).  Plaintiff admitted during her deposition that she did not search for potentially responsive information from her social media accounts other than to retrieve the one message thread she produced from her Facebook account.  (See Deposition of Amy Anderson, [88.3] at 77-79).  She testified that this scant production was made following the advice of Mr. Rosenberg, who did not send her a copy of Magistrate Judge Scofield's December 2, 2014, Order granting Defendant CA's motion to compel production of social media information.  Plaintiff testified that Rosenberg did not even discuss the Order with her.  She states that Rosenberg concluded that a motion to reconsider and an appeal stayed the contempt order entered by the Magistrate Judge on June 16, 2015.

Following Plaintiff's deposition and admission that she did not search for all responsive information in her social media accounts, Plaintiff still did not produce any responsive social media documents or material.  Despite Plaintiff's insistence that she did not use Twitter, Defendants were able to view a portion of Plaintiff's public Twitter feed, but could not access all of it, including Plaintiff's private messages.  According to Defendants, the information accessible to Defendant CA contained information relevant and responsive to its discovery requests, including

documents discussing Plaintiff's work at Lenox Square Grill, the reason for her reduction in shifts, and documents related to Defendant CA's defenses to Plaintiff's defamation claim.  ([122] at 6].  On March 9, 2015, Defendant CA moved to hold Plaintiff and her counsel in contempt for willful violation of the December 2, 2014, Order.  (Mot. for Contempt and Sanctions [88]).

In Plaintiff's response brief and at the hearing held on Defendant CA's Motion for Contempt and Sanctions, Plaintiff's counsel, Rosenberg, failed to offer any explanation, justification, or legal argument justifying Plaintiff's failure to comply with the Court's December 2, 2014, Order.  (See [98], [105]).  During oral argument, he misleadingly told the Court that Plaintiff had provided Plaintiff's social media passwords to Defendant CA, and he again asserted that there were not any responsive documents or additional information to produce.  After confirming Plaintiff's actual failure to provide Defendant CA with passwords to Plaintiff's social media accounts, and after securing Plaintiff's counsel's agreement to produce the passwords, Magistrate Judge Scofield granted Defendant CA's motion for contempt, ordered Plaintiff to provide Defendant CA's counsel with full access to her social media accounts, including her passwords, and awarded Defendant CA its attorneys' fees and expenses.  (June 26, 2015, Order [105] (the "Contempt Order")).

5

The Contempt Order required Plaintiff to produce, by July 10, 2015, the passwords to her social media accounts.  The Contempt Order also found Plaintiff in civil contempt of the Court's December 2, 2014, Order, and awarded Defendant CA (i) the attorneys' fees and expenses it had incurred in filing and prosecuting its Motion for Contempt and Sanctions (under Rule 37(b)(2)(C)), and (ii) the attorneys' fees and expenses it incurred in taking any follow-up deposition of Plaintiff after the information sought was produced.  (Contempt Order at 4-5).  The award of attorneys' fees and expenses was against Plaintiff and her attorney.  (Id. at 5).  The Contempt Order re-opened discovery for thirty-five (35) days.

On June 30, 2015, Magistrate Judge Scofield retired, and this case was reassigned to Magistrate Judge Catherine M. Salinas.

On July 10, 2015, rather than comply with Magistrate Judge Scofield's Contempt Order and instructions, Rosenberg filed multiple motions for reconsideration of the Contempt Order.  ([109], [110], [111], [112], [114], [115], [116]).  Attached to the motions for reconsideration were nearly 1,000 pages from Plaintiff's social media accounts, without any explanation why those documents were filed with the Court and not produced directly to Defendant CA as required. The attached documents included many of the documents that Defendant CA had requested in April 2014 and which the Court ordered produced in December 2014.

6

Plaintiff and Rosenberg previously had insisted these documents did not exist. While these social media documents were attached to Plaintiff's submission to the Court, the documents were so heavily redacted that it was impossible to determine whether Plaintiff had actually produced all of the responsive information required.[3]

On July 22, 2015, Magistrate Judge Salinas issued her order denying the motions for reconsideration.  (July 22, 2015, Order [121]).

On July 27, 2015, Defendant CA filed its Motion to Dismiss.  In it, Defendant CA argues that Plaintiff's and her counsel's willful, repeated, and flagrant disregard for the Court's orders and their duties under the Federal Rules of Civil Procedure (the "Federal Rules") warrant the dismissal with prejudice of this action.  Defendant CA also seeks an award of fees from Plaintiff and Rosenberg, jointly and severally, to pay the attorneys' fees and expenses that Defendant CA incurred as a result of Plaintiff's failure to timely comply with the Court's Contempt Order, and unreasonable and vexatious conduct that has multiplied these proceedings, including having to prepare a response to Plaintiff's meritless motions for reconsideration, and filing the Motion to Dismiss.  (Mot. to Dismiss at 20-26).

After the Motion to Dismiss was filed, Plaintiff hired new attorneys, Marc

---

[3]     The Court's Contempt Order did not allow document redaction and permission to redact was not requested.

and Alan Garber, to represent her and to respond to the Motion to Dismiss.[4]

On August 24, 2015, Plaintiff filed her response opposing the motion to dismiss [136].[5]  In Plaintiff's response, she notes that, on August 10, 2015, Plaintiff's new counsel emailed all of Plaintiff's social media account user names and passwords to Defendant CA, and offered to pay the reasonable attorneys fees Defendant CA incurred in drafting its Motion to Dismiss, if Defendant CA agreed to withdraw its Motion to Dismiss.  This offer was rejected.  ([137.1] at 1).  On August 16, 2015, Plaintiff's new counsel also emailed to Defendant CA a link to a Dropbox site containing more than 3,000 pages of un-redacted materials from Plaintiff's social media accounts.  Plaintiff contends she now is in full compliance with Magistrate Judge Scofield's Contempt Order.

Plaintiff argues, in urging that the case not be dismissed, that she was not warned by Magistrate Judge Scofield that non-compliance with his orders could result in dismissal.  Plaintiff argues she did not act in bad faith or in willful disobedience, but rather was merely following her original attorney's instructions. She argues that dismissal is a sanction of last resort that should be invoked only

---

[4]　　On August 10, 2015, they filed their notices of appearance.  ([126], [127]). Plaintiff's original counsel, Jack Rosenberg, remains listed on the docket as lead attorney in this case.

[5]　　On August 31, 2015, she filed a corrected brief [137.1], with minor corrections to her original submission.

after finding that she willfully and in bad faith refused to engage in discovery, committed widespread violations of discovery rules and court orders, was warned of the possibility of dismissal for noncompliance, and only if the Court determines that no lesser sanction will ensure compliance.

Defendant CA opposes all of Plaintiff's arguments, and continues to seek dismissal for Plaintiff's "extensive pattern of contempt."  (Reply [140] at 2).  If the Court declines to dismiss Plaintiff's complaint, Defendant CA asks, as alternative sanctions, that the Court (1) award Defendant CA its attorneys' fees and expenses associated with its Motion to Dismiss; (2) allow CA to re-open discovery; (3) allow CA to take another full deposition of Plaintiff; (4) allow CA to take another full deposition of any witness previously deposed in the case; (5) allow CA to depose any other witness identified through Plaintiff's social media production; and (6) compel Plaintiff to pay CA's attorneys' fees and expenses for the discovery activities described in items (2) through (5).  (Reply at 16).

On October 14, 2015, Magistrate Judge Salinas issued her R&R.  In it, she recommends that Defendant CA's Motion to Dismiss be denied.  The Magistrate found that:

> [w]hile Plaintiff and her original counsel have indisputably demonstrated willful and repeated disregard for the Federal Rules of Civil Procedure and the authority of this Court, lesser sanctions than dismissal do appear—at long last—to have ensured compliance (albeit

belated compliance) with this Court's orders and Plaintiff's discovery
obligations under the Federal Rules.

(R&R at 16).  The Magistrate also indicated that she is "inclined to recommend

granting at least some of the alternative sanctions requested by Defendant CA

in . . . its reply brief," but deferred her consideration of those sanctions until after

the Court reviews the R&R and rules on the Motion to Dismiss.

On October 28, 2015, Defendant CA filed its objections to the R&R [146]

("Objections").  Defendant CA argues that the R&R:  (i) applied an incorrect legal

standard for dismissal; (ii) omits specific egregious conduct of Plaintiff; and

(iii) does not address Plaintiff's actual knowledge of the Court's

December 2, 2014, Order compelling discovery.

## II.   LEGAL STANDARDS

### A.   Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1).  If no party has objected to the report and recommendation, a court

conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Because Defendant CA objects to the R&R, the Court conducts its *de novo* review.  28 U.S.C. § 636(b)(1).

B.    Dismissal Under Rule 37(b)

Federal Rule of Civil Procedure 37(b) provides that if a party fails to obey a court order to provide or permit discovery, the court where the action is pending may issue further just orders, including an order "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(v).  "District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37."  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).

"Dismissal with prejudice is the most severe Rule 37 sanction, but it may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault."  Shortz v. City of Tuskegee, Ala., 352 F. App'x 355, 359 (11th Cir. 2009) (internal quotation marks omitted) (citing Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993)).  Because "dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when:  (1) a party's failure to comply . . . is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice."  Id. (citing Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993)).

C.    Dismissal Under Rule 41(b)

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court order or the Federal Rules, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).  Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion."  Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 n.14 (11th Cir. 2009).

As under Rule 37, "[b]ecause dismissal with prejudice is a drastic remedy, it is appropriate only where there is a clear record of delay or willful contempt and lesser sanctions would be insufficient."  Jones v. Lockheed Martin Corp., ─── F. App'x ───, ───, 2016 WL 75413, at *1 (11th Cir. Jan. 7, 2016) (per curiam) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)).  "Dismissal with prejudice is appropriate 'where a party, as distinct from counsel, is culpable' for the failure to comply."  Id. (quoting Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005)).  "It is generally not an abuse of discretion for a district court to dismiss a suit for disregard of an order if the litigant was warned and still failed to comply."  Id. (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

## III.   DISCUSSION

The Magistrate Judge, after a thorough review of the parties' arguments and the record, found, albeit reluctantly, that the drastic sanction of dismissal was not warranted under Rules 37(b) or 41(b).  (See R&R at 15-16).  The Magistrate noted that it appears that lesser sanctions "have ensured compliance . . . with this Court's orders and Plaintiff's discovery obligations under the Federal Rules."  (Id. at 16).  The Magistrate also noted that "Plaintiff has retained new counsel and appears (finally) to have provided the information from her social media accounts that Magistrate Judge Scofield ordered her to provide in his . . . Contempt Order." (Id.).

Defendant CA objects to the R&R, arguing that the Magistrate "applies a hybrid legal standard" to the Motion to Dismiss by "combining the dismissal standards under Rules 37(b) and 41(b)."  (Obj. at 6).  Defendant CA argues that the Magistrate Judge misapplied the Rule 37(b) dismissal standard when she required, as a condition of dismissal, a finding that lesser sanctions did not, or would not, ensure compliance.  (See Obj. at 11).  Defendant CA's interpretation of Rule 37(b) is not well-founded.  It is well-settled that "before dismissing a lawsuit pursuant to *either Rule 37 or 41*, a district court must first find (1) the plaintiff's failure to comply with [the] relevant order was willful or in bad faith; and (2) lesser

sanctions would not suffice."  <u>Doye v. Colvin</u>, 378 F. App'x 926, 928 (11th Cir. 2010) (emphasis added) (citing <u>Wouters v. Martin Cty., Fla.</u>, 9 F.3d 924, 933-34 (11th Cir. 1993) (reversing Rule 37(b) dismissal); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985) (discussing prerequisites to a Rule 41(b) dismissal)). The Magistrate applied the proper legal standard.

Defendant CA next argues that the R&R "incorrectly concludes that lesser sanctions ultimately ensured Plaintiff's compliance with the Court's orders and the Federal Rules of Civil Procedure."  (Obj. at 9).  It argues that Plaintiff complied with her obligations only after Defendant CA filed its Motion to Dismiss.  (<u>Id.</u>). "[T]he insufficiency of the lesser sanctions is further reflected by Plaintiff's continued conduct," which includes that "Plaintiff has not supplemented her Interrogatory responses to identify the witnesses she concealed."  (<u>Id.</u>).  Here, Plaintiff's effort to comply with her discovery obligations is linked to the retention of her lawyers.  Plaintiff complied with her discovery obligations the day after notices of appearance were filed by her new counsel.  Out from under Rosenberg's influence and now advised by different lawyers, the implication is she now is aware of what is required of her in this litigation.

Assuming, for a moment, that the Motion to Dismiss was what urged Plaintiff to comply with the Court's orders, dismissal still is warranted only where

"the district court finds that lesser sanctions *would not* suffice." Shortz, 352 F. App'x at 359 (emphasis added).  Whatever the motivation for Plaintiff's compliance, it appears that Plaintiff and her new counsel are now attempting to comply fully with the Court's orders.

Defendant CA continues with its laundry list of reasons for dismissal.  It claims that the R&R "omits specific egregious conduct of Plaintiff."  (Obj. at 12).  For example, the R&R "does not mention that the Social Media Documents . . . included evidence of Plaintiff's obstruction of discovery through witness tampering and intentional concealment of witnesses[,]" and the R&R omits that Plaintiff refused to "comply with the Court's [December 2, 2014,] Order despite receiving a copy of it at her deposition."  (Id. at 12-13).

It offers arguments of "obstruction of discovery through witness tampering," stating that the production of social media documents included a May 2012 conversation with Marcellus Walton, in which Plaintiff instructs him that "if [he] talk[ed] to anyone from lenox . . . and they ask about [her] or anything don't say you've talked to [her]."  (Reply at 12).  This conversation, which took place almost two years before this action was filed, is irrelevant to Plaintiff's compliance with the Federal Rules or with the Court's orders.

15

Defendant CA next argues that the delayed production of the social media documents revealed that Plaintiff has, for over a year, concealed the identity of potential witnesses to this case. (Obj. at 15). Even if true, this information does not change the Court's analysis. Plaintiff was sanctioned for her past failure to comply with the Federal Rules and the Court's orders, which includes the conduct of which Defendant CA now complains. Plaintiff also faces the prospect of additional sanctions and remedies requested by Defendant CA.

Defendant CA's argument that Plaintiff was aware of the December 2, 2014, Order, also does not change the Court's analysis. Defendant CA's final argument for dismissal is the Magistrate erred because she "d[id] not consider Plaintiff's actual knowledge of the contents and requirements of the [December 2, 2014, Order] or her false representations to the Court." (Obj. at 18). Plaintiff's actual knowledge of the December 2, 2014, Order is only one consideration in determining whether to grant dismissal with prejudice under Rule 41(b). See M/V Monada, 432 F.3d at 1338 (holding that dismissal with prejudice is "thought to be more appropriate in a case where a party, as distinct from counsel, is culpable"). To impose the "extreme sanction" of dismissal with prejudice, the Court *must* "specifically find[] that lesser sanctions would not suffice." Id. The Court, considering all of Defendant CA's arguments in isolation and in the aggregate,

16

concludes, given Plaintiff's and her new counsel's compliance with the Court's orders and their obligations under the Federal Rules, that lesser sanctions would suffice in this case.[6]  Upon *de novo* review, the Court overrules Defendant CA's objection to the Magistrate Judge's recommendation that this case not be dismissed, because lesser sanctions are the appropriate remedy—the same conclusion reached by Judge Salinas.  Defendant CA's Motion to Dismiss is denied.[7]

Although the Court concludes this action should not now be dismissed, the record of Plaintiff and her previous counsel's conduct is disturbing.  They have impeded the litigation of this case, evaded the discovery obligations necessary to reach a fair and just resolution, caused Defendant CA to bear expense it should not have to bear, and otherwise impeded the administration of justice.  For this

---

[6]     Even if the Court found that lesser sanctions would not suffice, such a finding would merely allow the Court the discretion to dismiss the action with prejudice.  The Court is not required to grant the relief Defendant CA seeks.  See Equity Lifestyle Props., 556 F.3d at 1240 n.14 (whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion"); Chudasama, 123 F.3d at 1366 ("District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37.").  Under these circumstances, the Court, in its discretion, would deny Defendant CA's Motion to Dismiss.

[7]     The Court admonishes Plaintiff that any further violation of the Federal Rules, the Local Rules of this Court, or the Court's orders by her or her counsel may result in dismissal of this action.

conduct, there must be a sanction and this sanction must be timely imposed and timely enforced.  Plaintiff, on June 26, 2015, was ordered to pay Defendant CA's attorney's fees and expenses incurred in moving for contempt and sanctions. ([105]).  The sanction was imposed on Plaintiff and Rosenberg.  Neither Plaintiff nor Rosenberg paid these amounts, electing instead to file several motions for reconsideration.  The R&R now suggests additional sanctions based on Plaintiff's and Rosenberg's conduct in causing the processing of this case to be protracted and unnecessary expenses incurred.  It is time for these sanctions to be specifically imposed as it is time for the sanctions to be paid.  To do so, a sanction compliance process shall be put into place.  The process is as follows:

1.     Defendant CA shall, on or before February 1, 2016, file with the Court and serve on Plaintiff and her counsel, including specifically Rosenberg, the attorneys' fees and expenses it incurred to prosecute its Motion for Contempt and Sanctions.  The submissions shall include a description of each service performed by each time keeper, the time required to perform each service, and the billing rate of the person who performed the service.  A detailed list of expenses also shall be submitted.  Plaintiff and her counsel shall file, on or before

February 5, 2016, their response, if any, to the description of attorneys' fees and expenses.

2.     Defendant CA shall, on or before February 1, 2016, specify the sanctions it requests as a sanction for Plaintiff's filing of the motions for reconsideration, and for filing its Motion to Dismiss.  A request for attorneys' fees and expenses shall provide the information described in Paragraph 1 above.

3.     Discovery in this case will be extended to allow Defendant CA to conduct additional discovery.  Defendant CA's discovery is extended up to and including April 1, 2016.  During this period Defendant CA may depose Plaintiff for up to five (5) hours.  It also may conduct additional depositions for the time allowed by Rule 30 of the Federal Rules of Civil Procedure.  It may depose witnesses previously deposed for up to three (3) hours.

4.     Defendant CA may request to be paid its reasonable attorneys' fees and expenses for the discovery allowed in Paragraph 3 above, not to exceed $10,000.  Defendant CA's request for attorneys' fees and expenses should contain the same information described in Paragraph 1 above.

5.     The Magistrate Judge shall promptly assess attorneys' fees and expenses against Plaintiff and Rosenberg relating to the Motion for Contempt and Sanctions.  The assessment shall make a specific assessment against Plaintiff and against Rosenberg.  Plaintiff and Rosenberg shall pay such assessment into the Registry of the Court within five (5) calendar days after the assessment is entered on the docket in this case.  Failure to pay the required amounts into the Registry of the Court will result in the dismissal of this action.

6.     If Defendant CA seeks to be paid its attorneys' fees and expenses as a sanction related to Plaintiff's motions for reconsideration and its Motion to Dismiss, or for the additional discovery allowed to be conducted under Paragraph 3 above, the Magistrate Judge shall promptly assess attorneys' fees and expenses against Plaintiff and Rosenberg.  The assessment shall make a specific assessment against Plaintiff and Rosenberg.  Plaintiff and Rosenberg shall pay such assessment into the Registry of the Court within five (5) calendar days after the assessment is entered on the docket in this case.  Failure to pay the required amounts into the Registry of the Court will result in the dismissal of this action.

This alternative sanction is what is required to address Plaintiff's and Rosenberg's intentional failures to comply with the rules governing discovery and the Orders of this Court.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant CentraArchy Restaurant Management Company's Objections [146] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Catherine M. Salinas's Non-Final Report and Recommendation [141] is **ADOPTED AS MODIFIED** in this Order.

**IT IS FURTHER ORDERED** that Defendant CA's Motion to Dismiss Plaintiff Amy L. Anderson's Complaint [122] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant CA shall file, on or before February 1, 2016, with the Court and serve on Plaintiff and her counsel, including specifically Rosenberg, the attorneys' fees and expenses it incurred to prosecute its Motion for Contempt and Sanctions.  Plaintiff shall have up to and including February 5, 2016, to file a response.  The response, if filed, is limited to eight (8) pages.

**IT IS FURTHER ORDERED** that Defendant CA shall, on or before February 1, 2016, specify the sanctions it requests as a sanction for Plaintiff's filing of the motions for reconsideration, and for filing its Motion to Dismiss.

**IT IS FURTHER ORDERED** that discovery in this case is extended, up to and including April 1, 2016, to allow Defendant CA to conduct additional discovery.

**IT IS FURTHER ORDERED** that Plaintiff and Rosenberg shall pay any assessment for attorneys' fees and expenses entered against them within five (5) calendar days after the assessment is entered on the docket in this case.  Plaintiff and Rosenberg are **ADMONISHED** that failure to pay the required amounts into the Registry of the Court will result in dismissal of this action.

**SO ORDERED** this 26th day of January, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE